```
                                                              FILED
     UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF TEXAS                          JAN 2 6 1999
         SAN ANTONIO DIVISION
                                                   CLERK, U.S. DISTRICT COURT
                                                   WESTERN DISTRICT OF TEXAS
                                                   BY_____
                                                            DEPUTY CLERK
```

MAY SHABOON, M.D.,                )
                                  )
      Plaintiff,                  )
                                  )
VS.                               )   Civil Action No. SA-94-CA-0697-EP
                                  )
CHARLES A. DUNCAN, MD., ET AL.,   )
                                  )
      Defendants.                 )

## ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

On this date the Court considered Plaintiff's Motion to Compel Depositions of Defendants, filed January 7, 1999, and Defendants' response to that motion, filed January 12, 1999. After careful consideration, the Court will deny the motion and will order the parties to attempt an amicable resolution to their dispute over who should get to depose whom first. In addition, the Court will grant the motion insofar as it seeks protection from deposition for Plaintiff's counsel Daniel Neelan and will order that Plaintiff may depose Defendant Jack Park.

### Deposition Priority

The crux of the dispute between the parties is who should get to depose which witness first. Plaintiff would like to depose Defendants Park, Dollinger, and Smith and non-party witness Raymond Karam prior to the Defendants' deposing May Shaboon. Defendants, on the other hand, argue that they have always made it a practice to depose the *Plaintiff* first, as the burden of proof in the litigation rests on her. Plaintiff's support for her request rests on assumption that the party who first

1

157

requested a deposition should go first. Defendant's argument is that the party who brought the suit should not get any advantages in discovery. Both contentions have the benefit of an almost irrefutable, albeit rigid, logic. Unfortunately, however, neither contention is supported by case law or statute. Nor does the Court wish to create such law where it believes the matter can—and should—be resolved by agreement between the parties.[1] Therefore, the Court will order the parties to confer on their disagreement with the intent of reaching a resolution they can all live with.

### The Depositions of Daniel Neelan and Jack Park

The Defendants have announced that they will oppose the deposing of Defendant Jack Clark, who is also a counsel in this case. Shaboon has accused Park of threatening to fabricate records, failing to produce copies of Shaboon's academic record, and misrepresenting the contents of a letter. According to Defendants, Neelan's testimony in this case is central to the first claim. Thus, Defendants have argued that they will not produce Park for deposition until the Plaintiff has produced Neelan.

The law on whether a non-party attorney can be deposed for trial is not entirely settled. The most cited case on the issue is *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), in which the Court of Appeals for the Eighth Circuit stated that the trend toward deposing opposing counsel should be discouraged. *Shelton*, 805 F.2d at 1326. According to the *Shelton* court, where such discovery is sought, the burden should be on the proponent of discovery to demonstrate that (1) the facts sought to be discovered are not otherwise available through other discovery techniques; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the

---

[1] The communications submitted by Plaintiff evidencing conference between the parties do not evidence the *good faith* attempt to settle disagreements contemplated by Local Rule CV 7(i).

preparation of the case. *Id.* at 1323; *see also American Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 585 (S.D. Cal. 1995); *Harriston v. Chicago Tribune Company*, 134 F.R.D. 232, 233 (N.D. Ill. 1990); *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D. Kan. 1990). Other courts, however, have placed the burden of demonstrating the impropriety of deposition on the party resisting it. *See Rainbow Investors Grp., Inc. v. Fuji Trucolor Missouri, Inc.*, 168 F.R.D. 34, 36 (W.D. La. 1996); *United Phosphorous, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 247-48 (D. Kan. 1995).

After careful review of these cases and of the arguments of counsel, the Court has determined that the *Shelton* rule is the better course. Depositions of attorneys can be disruptive to litigation and should proceed only where absolutely necessary and relevant. *See Kerr v. Able Sanitary & Environmental Serv., Inc.*, 684 A.2d 961, 967 (N.J. Super. 1996).

In this case, Defendants argue that deposing Neelan is necessary because entered into evidence in this case are handwritten notes taken by Neelan when interviewing Park regarding the allegations against Park. However, the Court notes that Park himself would be as good a source about those notes as Neelan. In fact, Park would be in a better position than Neelan to make the claim that the notes are not an accurate reflection of the conversation. Therefore, the Defendants have not established that a deposition of Neelan, at this stage, is absolutely necessary to this litigation.[2] The Court will order that Defendants produce Park for deposition.

### Conclusion

ACCORDINGLY, it is ORDERED that the Court will not become involved, at this point, in

---

[2] The parties hint at the possibility that Neelan will become a witness in this case. The Court makes no comment on this question at this point except to apprize all parties of the necessity of becoming familiar with and remaining in compliance with all governing ethical rules.

a debate over the proper order of depositions, but will instead order the parties to confer on the matter in good faith. It is FURTHER ORDERED that the results of such conferral should be given to the Court, by way of an Advisory, by each party within ten days from the date of this Order. Finally, it is ORDERED that the Defendants produce Defendant Park for deposition and that Neelan may not be subjected to deposition until Defendants have met the burden for taking his deposition, as outlined by this Order.

SIGNED and ENTERED this 25th day of January, 1999.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE